TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Terra and Jerry Bell

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Terra and Jerry Bell,<br><br>        Plaintiffs,<br><br>vs.<br><br>Maury Cobb, Attorney at Law, LLC; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.: 2:15-at-1<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 *ET SEQ.;***<br>**3. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, Terra and Jerry Bell ("Plaintiffs"), by undersigned counsel, bring the following complaint against Maury Cobb, Attorney at Law, LLC and DOES 1-10 ("Defendants") and allege as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), repeated violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* ("Rosenthal Act"), and repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Plaintiffs resides here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiffs, Terra Bell ("Terra") and Jerry Bell ("Jerry"), are each an adult individual residing in Roseville, California, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and are each a "person" as the term is defined by 47 U.S.C. § 153(39).

5. The Defendant, Maury Cobb, Attorney at Law, LLC, is a company with an address of 1827 1st Ave North, Unit 312, Birmingham, Alabama 35203, and is a

"debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6. Does 1-10 are individual agents employed by Maury Cobb, Attorney at Law, LLC and whose identities are currently unknown to the Plaintiff. One or more of the agents may be joined as parties once their identities are disclosed through discovery.

7. Maury Cobb, Attorney at Law, LLC at all times acted by and through one or more of the agents.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

8. Plaintiffs allegedly incurred a financial obligation (the "Debt") to T-Mobile (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Defendants for collection, or Defendants were employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      Defendants Engage in Harassment and Abusive Tactics**

12.     Within the last year, Defendants contacted Plaintiffs' cellular telephone, number [916-XXX-8648] in an attempt to collect the Debt.

13.     Defendants placed calls to Plaintiffs by using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

14.     Plaintiffs never provided their cellular telephone number to Defendants or to the Creditor.

15.     Plaintiffs never provided their prior express consent to be contacted by means of an ATDS and/or Robocalls from Defendants.

16.     When Plaintiffs answered the calls from Defendants, they were met with a prerecorded message instructing Plaintiffs to press 1 if they were the Debtor.

17.     During live conversations, Defendants continually threatened Plaintiffs with legal action and wage garnishment.

18.     On numerous occasions, Terra informed Defendants that she would make payment towards the Debt.

19.     Despite the foregoing, Defendants contacted Plaintiffs on or around October 20, 2014, wherein Defendants spoke to Jerry and continued making threats regarding legal action and wage garnishment.

20.     To date, and despite making numerous threats to do so, Defendants have not initiated any legal proceedings against Plaintiffs..

4

21. Defendants called Plaintiffs' minor daughter regarding the Debt.

22. Plaintiffs contacted Defendants and advised them the cease calling their minor daughter.

23. Nonetheless, Defendants continued calling Plaintiffs' daughter.

24. Defendants placed calls to Plaintiffs at an excessive \ rate, often placing multiple calls per day, in order to harass and annoy the Plaintiffs.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendants communicated with individuals other than the Plaintiffs, the Plaintiffs' attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

27. Defendants engaged in behavior, the natural consequence of which was to harass, oppress, or abuse Plaintiffs, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

28. Defendants caused Plaintiffs' phone to ring repeatedly and engaged Plaintiffs in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

29. Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

5

30. Defendants threatened Plaintiffs with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

31. Defendants threatened to take action without legal ability to do so or without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

32. Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

33. Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

34. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35. Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

36. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Rosenthal Act prohibits unfair and deceptive acts and practices in the collection of consumer debts.

38. Defendants, in the regular course of business, engaged in debt collection and are "debt collectors" as defined by Cal. Civ. Code § 1788.2(c).

6

39. Defendants threatened Plaintiffs with garnishment or attachment of their wages if the debt was not paid, without intending to instigate such proceedings, in violation of Cal. Civ. Code § 1788.10(e).

40. Defendants caused a telephone to ring repeatedly and engaged Plaintiffs in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

41. Defendants communicated with Plaintiffs with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

42. Defendants falsely represented that a legal proceeding had been or was about to be instituted unless the debt was paid immediately, in violation of Cal. Civ. Code § 1788.13(j).

43. Defendants did not comply with the provisions of 15 U.S.C.§ 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

44. Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

45. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Without prior express consent, Defendants contacted Plaintiffs by means of an ATDS and/or an artificial or prerecorded voice at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

7

47. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiffs incur charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

48. The calls from Defendants to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

49. Defendants' telephone system has the capacity to store numbers in a random and sequential manner and uses the system to place the calls and is a "predictive dialer" as defined by the Federal Communication Commission.

50. As a result of each call made in violation of the TCPA, Plaintiffs are entitled to an award of $500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

51. As a result of each call made in willful or knowing violation of the TCPA, Plaintiffs may be entitled to treble damages pursuant to 47 U.S.C. § 2279(b)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

G. Treble damages pursuant to 47 U.S.C. § 227(b)(3); and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: January 2, 2015                    TRINETTE G. KENT

By: */s/ Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiffs, Terra and Jerry Bell