UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Terra and Jerry Bell,<br><br>            Plaintiffs,<br><br>    v.<br><br>Maury Cobb, Attorney at Law, LLC; and DOES 1-10, inclusive,<br><br>            Defendants. | No.  2:15-cv-00004-GEB-DAD<br><br>**ORDER RE: SETTLEMENT AND DISPOSITION** |

Plaintiffs filed a "Notice of Settlement" on March 18, 2015, in which they state:

> the parties in the above-captioned case have reached a settlement. The Plaintiffs anticipate filing a notice of withdrawal of Complaint and voluntary dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(a) within 30 days.
>
> The parties hereby further request that this honorable Court provide a period of 60 days within which to complete the settlement and file a dismissal of the action.

(Notice of Settlement, ECF No. 6.)

Therefore, a dispositional document shall be filed no later than May 18, 2015. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

1

Further, the Status Conference scheduled for hearing on April 20, 2015, is continued to commence at 9:00 a.m. on June 8, 2015, in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1]  A joint status report shall be filed fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated:  March 24, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2